THOMPSON v. STANLEY et al.

(Supreme Court, Special Term, New York County. August 15, 1892.)

COSTS—TAXATION.

　　Where a demurrer to the complaint has been overruled, with leave to answer on payment of costs, plaintiff is not entitled to taxation in his favor of costs before notice of trial, nor fee for entering judgment, nor prospective charges for satisfaction piece, transcript, and filing, or sheriff's fee on execution.

　　Action by Beverhout Thompson against Annie Stanley, as administratrix of David A. Stanley, deceased, and the Harris & Dew Faucet Plug & Bung Company, to recover the proceeds of the property of defendant corporation, alleged to have been misappropriated by said David A. Stanley, deceased, while president thereof. Pursuant to an order overruling a demurrer, and giving defendant leave to answer on payment of costs, (20 N. Y. Supp. 317,) an adjustment of costs was made by the clerk. A motion by defendant Stanley to resettle the order was then granted, (21 N. Y. Supp. 573,) and plaintiff now moves to review the taxation. Motion denied.

　　Plaintiff claimed the following items:

| | |
|---|---:|
| Costs before notice of trial | $25 00 |
| Costs after notice of trial | 15 00 |
| Trial fee, issue of law | 20 00 |
| Clerk's fee on entering judgment | 50 |
| Affidavits and acknowledgments | 25 |
| Serving copy of summons and complaint on defendant | 2 00 |
| Satisfaction piece | 12 |
| Transcript and filing | 12 |
| Certified copy of judgment | 12 |
| Certified copies of motion to strike out | 10 |
| Postage | 10 |
| Sheriff's fee on execution | 1 75 |
| **Total** | **$65 06** |

　　Of these items, the clerk allowed the following:

| | |
|---|---:|
| Costs after notice of trial | $15 00 |
| Trial fee, issue of law | 20 00 |
| Affidavits and acknowledgments | 25 |
| Serving copy of summons and complaint on defendant | 2 00 |
| Certified copy of judgment | 12 |
| Certified copy of motion to strike out | 10 |
| Postage | 10 |
| **Total** | **$37 57** |

L. Karge, for plaintiff.

　　This is a motion by plaintiff to review the taxation of costs made upon the decision overruling the demurrer of the defendant Annie Stanley herein. Said decision provided that said demurrer be overruled, with costs to plaintiff, and with leave to said defendant to answer on payment thereof. The question here raised is what costs plaintiff is thereby entitled to. Plaintiff presented a bill of costs before and after notice of trial, and trial of an issue of law, besides the usual disbursements. The clerk refused to tax costs

before notice of trial, and also certain disbursements. Exception was duly taken to his ruling, which is now sought to be reviewed hereon, and which plaintiff considers erroneous.

(1) Plaintiff was entitled to costs before notice of trial. The decision of the court was that the demurrer was overruled, "with costs." These words have been held to mean "all the costs usually taxable." Miller v. Coates, 2 Hun, 668; Schoonmaker v. Bonnie, 51 Hun, 34, 3 N. Y. Supp. 492. The clerk, by his taxation, admitted it entitled plaintiff .to costs after notice of trial, and of trial of issue of law. Why he discriminated against costs before notice of trial is not apparent. It has long been customary to tax costs before notice on overruling a demurrer, and as long ago as 1855 this was decided to be proper, (Hendricks v. Bouck, 2 Abb. Pr. 360,) and it is now the established practice, (Adams v. Ward, 60 How. Pr. 288; Doelger v. O'Rourke, 12 Civil Proc. 254.)

(2) Plaintiff was entitled to the disbursements disallowed by the clerk. Section 3256, Code, provides that a party to whom costs are awarded is entitled to include in his bill of costs prospective charges for entering and docketing judgment, sheriff's fees on one execution, and such other reasonable and necessary expenses as are usually taxable. In this case the clerk disallowed:

| | | |
|---|---|---|
| The fee for entering judgment | $ | 50 |
| Transcript and filing same | | 12 |
| Satisfaction piece | | 12 |
| Sheriff's fee on execution | 1 | 75 |

These are the usual fees taxable for these items, and by section 3256, supra, plaintiff was clearly entitled to them. It is true they are, except that for entering judgment, prospective charges. But such charges are expressly taxable by said section. The fact that the judgment to be entered is interlocutory, and that defendant may possibly pay without execution, is no objection. The judgment must be entered, and some one should pay for it; and, as to execution, it is true in all cases that defendant may, perhaps, pay up, and no execution be necessary. These costs are collectible by execution, (Code, §§ 779, 3230;) and plaintiff may be compelled to resort to it.

(3) For the reasons stated, it is respectfully submitted that the ruling of the clerk was wrong, and .should be reversed, with costs. Jones v. Cook, 11 Hun, 230.

Dill, Chandler & Seymour, (Frederick Seymour, of counsel,) for defendants.

The defendants' attorney opposed this motion on the ground laid down by Justice Harris in the case of Van Valkenburgh against Van Schaick, in which he says: "The general practice, in all cases where an amendment is allowed on payment of costs, is that the party paying such costs shall be charged with the costs of all proceedings which, by the operation of the order authorizing the amendment, will be vacated." "So, in case of a demurrer, if the party demurring has judgment against him, and is permitted to withdraw his demurrer and plead over, upon the payment of costs, the fee for proceedings before notice of trial is not allowable on the taxation of such costs. See Nellis v. De Forrest, 6 How. Pr. 413." Van Valkenburgh v. Van Schaick, 8 How. Pr. 271. This opinion of Justice Harris is borne out by Crary v. Norwood, 5 Abb. Pr. 219; Anon., 3 Sandf. 756. It is otherwise, however, where the demurrer is sustained. See Collomb v. Caldwell, 5 How. Pr. 336. In this case the demurrer reaches back, and overthrows the whole proceedings, which must be begun over again. Hence, on the same theory as that laid down by Justice Harris in the case of Van Valkenburgh v. Van Schaick, that "the party paying such costs shall be charged with the costs of all proceedings which, by the operation of the order authorizing the amendment, will be vacated," the .costs of all the proceedings were taxed, including costs before notice of trial. In this case the demurrer was overruled, and therefore the plaintiff's proceedings before notice of trial are not at all affected, and .consequently costs for such proceedings should not be taxed.

ANDREWS, J. A motion having been heretofore made to review the taxation of costs by the clerk in this action, now, after reading and filing notice of said motion, dated August 1, 1892, together with proof of its service by the affidavit of William Babcock, annexed thereto, dated August 1, 1892, and upon reading the bill of costs herein adjusted by the clerk, July 30, 1892, after hearing L. Karge, plaintiff's attorney, in support of said motion, and Frederick Seymour, Esq., one of the attorneys for the defendant Annie Stanley, as administratrix, etc., opposed, and due deliberation being had thereupon, it is hereby ordered that the costs, as taxed herein by the clerk of this court on July 30, 1892, at $37.57, are hereby, in all respects, confirmed.